UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **THOMAS J CATALANO II** *Plaintiff* <br><br> Vs, <br><br> **CAROLYN DALEY SCOTT** *Defendants* | *COMPLAINT* <br><br> Case No.: 5:18-CV- 1134[DNH/ATB] <br><br> *Plaintiff asks for a trial by jury* |

Onondaga County  }
New York State    } ss:

Thomas J Catalano II, the Plaintiff in this action, complains of the defendant by alleging and showing that:

## NATURE OF ACTION

1. This is an action to enforce the Fair Debt Collection Practice Act (FDCPA) 15 USC §1692 *et seq,*

2. By way of introduction and context, the Fair Debt Collection Practices Act generally prohibits debt collectors from engaging in abusive, deceptive, or unfair debt-collection practices. *15 U.S.C.§§ 1692 et seq.* Among other things, the FDCPA bans the use of false, deceptive, misleading, unfair, or unconscionable means of collecting a debt, *id. §§ 1692e, 1692f.*

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction under 15 USC §1692k (d) and 28 USC §1331. Declaratory relief is available per 28 USC §§

2201 and 2202. The Court has supplemental jurisdiction over state claims per 28 USC § 1367.

4. Venue is proper in this district per 28 USC §1391 (b), as the acts, omissions and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district because plaintiff lives in this district, defendants conduct business in this district and the injury occurred in this district.

## PARTIES

5. At all relevant times:

   a. Plaintiff Thomas J Catalano II, also known as TJ Catalano, ("Catalano") resides in Solvay, Onondaga County, New York State, within this district,

   b. Plaintiff is a" consumer" as that term is defined in the FDCPA at 15 USC §1692a(3).

6. Upon information and belief, at all relevant times, defendant **Carolyn Daley Scott** ("Scott"):

   a. is a an attorney at law licensed to practice law in New York State with an office in Mount Sinai, Suffolk County, NY.

   b. Is a "debt collector" as that term is defined in the FDCPA at 15 USC §1692a(6);

  c. Is in the for-profit business of regularly collecting consumer debt for others and collecting same by use of the mail, telephone, and the courts of New York and other means of interstate commerce;

  d. Conducts business in this district;

  e. At all times relevant to this employed, directed, supervised, accepted or ratified the acts of others and acted in concert with them in the attempt to collect a debt from Catalano.

## FACTUAL ALLEGATIONS

7. On or about 04/09/2013, Marcia K LaFave obtained a default judgment against Catalano in the Syracuse City Court ("state court action")

8. The subject of the state court action was an alleged unpaid purchase price of an auto. Whether or not it was really his, it is an obligation of a consumer to pay money arising out of a transaction in which the money, property, or services are primarily for personal, family, or household purposes, hence a "debt" as that term is defined by the FDCPA at 15 USC §1692a(5).

9. Then, sometime in November, 2017, Marcia K LaFave hired Scott to collect the judgment.

10. On 11/15/2017, Scott attempted to collect the debt by issuing a notice to ACMG FCU, Catalano's bank, restraining his bank account per CPLR §5222(b).

11. At the time, there was approximately $5,000 in the account.

12. Catalano, after learning of the restraining notice, hired an attorney to defend against the default judgment.

13. Catalano, through his attorney, brought an Order to Show Cause (OSC 1) why the Syracuse City Court should not vacate the judgment against him.

14. City Court Judge Theodore Limpert signed OSC 1 on December 12, 2017. The Order included a stay of any enforcement of the judgment until the motion was decided.

15. Defendant received a copy of the Order to Show Cause by USPS Priority Mail on December 16, 2017.

16. A true copy of the Order to Show Cause ( OSC 1)  is attached as Exhibit 1.

17. A true copy of the USPS Tracking Confirmation is attached as Exhibit 2, of which we ask the Court to take notice.

18. OSC 1 was returned to Judge Limpert on January 31, 2018, at which time he reserved decision.

19. However, on February 16, 2018, Scott disobeyed the stay of enforcement included in Judge Limpert's Order to show cause by causing the Syracuse City Marshal, James Burns, to execute on Catalano's account at ACMG FCU.

20. A true copy of the Execution signed by Scott and issued to the Marshal is attached to this as Exhibit 3.

21. On or about March 1, 2018, ACMG FCU, pursuant to the execution issued by Scott, remitted $3127.00 to the Marshal.

22. Scott's act of disobeying the Order to Show Cause and executing on Catalano's bank account was intentional.

23. As a result, Catalano had his attorney file a second Order to Show Cause (OSC 2) for relief which included the return of the money taken from his account.

24. In the OSC 2, Judge Limpert set the matter down for a hearing on May 3, 2018 at which counsel and the parties were to appear.

25. Defendant failed to appear on May 3, 2018 hearing without excuse.

26. Judge Limpert took the testimony of both the state court action plaintiff and Mr. Catalano.

27. By decision and Order dated June 15, 2018, which we incorporate by reference, the Syracuse City Court granted Catalano's motions, in relevant part, by vacating the judgment and directing Scott to return the money taken from Catalano via the February 2018 execution.

28. None of Scott's conduct violating the FDCPA in this way was the result of a bona fide error but rather was the result of collection

practices and procedures (or lack thereof) not reasonably adopted to avoid such violations.

29. Throughout this time the plaintiff has felt abused, harassed, confused, bothered, bewildered and anxious, insecure in his daily activities, upset that his property was illegally taken and fearful defendant could do so without regard for the Court, burdened by the cost of a second motion, feelings which have affected him in his daily activities from March 1, 2018 to now.

## COUNT 1
*(Violation of the Fair Debt Collection Practices Act)*

30. Plaintiff repeat the allegations of the preceding paragraphs.

31. The defendant's actions in her attempt to collect the alleged debt:

   a. by issuing the execution to the Marshal and taking Catalano's money despite the City Court order staying enforcement, and

   b. forcing Catalano to bring OSC 2 (and endure the cost of the hearing) to get the money returned that should never have been taken,

   violates 15 USC §§1692d, 1692e, 1692e(2)(A), 1692e(5) and 1692e(10) and 15 USC § §1692f and 1692f(1).

32. As a result, plaintiff has been damaged.

## JURY DEMAND

Thomas J Catalano II demands a trial by jury of all issues.

**WHEREFORE**, the plaintiff Thomas J Catalano II asks the Court for judgment:

a. declaring the actions of the defendant in violation of the FDCPA;

b. awarding him actual damages as proven at trial;

c. awarding him statutory damages in an amount up to $1,000.00 per 15 USC §1692k;

d. awarding him costs and disbursements of this action, and reasonable attorney's fees per 15 USC § 1692k, and

e. such other, further and different relief as the Court finds proper here.

DATED: September 19, 2018

*S/ Anthony J Pietrafesa*
_____
**ANTHONY J PIETRAFESA ESQ. (102368)**
*Attorney for the Plaintiff*
Nettleton Commons
313 East Willow Street #202
Syracuse NY 13203
T: 518.218.0851 F: 518.514.1241
ajp@ajp1law.com

# VERIFICATION

New York State        }
Onondaga County    } ss:

Thomas J Catalano II, being duly sworn, deposes and says: I am the plaintiff in this action, I have read the complaint, and the factual allegations contained in the complaint are true to my personal knowledge except for those based on my information and belief, and as to those I believe them to be true.

*s/ Thomas J Catalano II*

_____

Sworn to and Subscribed
Before me on   9/19/2018

*s/ Anthony J. Pietrafesa*

_____

Anthony J. Pietrafesa
Notary Public Albany County
02PI6155974
My Commission exp. 11/20/2018